IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Milagros Rodríguez Figueroa and Milagros Pacheco Rodriguez. *Plaintiffs* Vs. Army & Air Force Exchange Service, Fictitious Defendants ABC Company, John Roe, Richard Roe, Mary Roe, A Insurance Company, B Insurance Company, C Insurance Company, D, E, F, G, H, I, J, K, L, M, N, and O. *Defendants* | CASE NO. Personal Injury |

**COMPLAINT**

TO THE HONORABLE COURT:

**COMES NOW** the Plaintiffs, by way of the undersigned attorney who respectfully brings this Complaint and States, Avers and Prays as follows:

INTRODUCTION

1. This is a personal injury civil action to recover physical and emotional damages caused by Defendants' negligent acts that breach the standards of care imposed under Federal Tort Claims Act, Title VI of the Legislative Reorganization Act of 1946 and Article 1802 of the Civil Code of Puerto Rico (31 L.P.R.A. §5141). Plaintiff seeks monetary redress as a result of damages inflicted to Plaintiff and caused by Army & Air Force Exchange

1

Service failure to act prudently and take the necessary and proper precautions to protect shopping guests from accidents in its facilities in Fort Buchanan.

## JURISDICTION AND VENUE

2. The United States has exclusive federal jurisdiction over Fort Buchanan under article I, section 8, clause 17 of the United States Constitution (*federal enclave clause*).

3. Jurisdiction is invoked under 28 USC § 1346 (b) for claims arising under the Federal Tort Claims Act for personal injury.

4. Supplement jurisdiction is invoked under 28 USC § 1367 for causes of action arising under the Laws of the Commonwealth of Puerto Rico.

5. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred inside a federal enclave.

6. A Form 95 Claim for Damage, Injury or Death was properly filed with defendant; claims were acknowledged by defendant and given numbers 08-451-T014 and 08-451-T019; said claims were denied by the Department of the Army on October 1, 2009.

## PARTIES

7. Plaintiff, Milagros Rodriguez Figueroa is of legal age, widower, at all times relevant to this action has been a citizen of the United States and a permanent resident of Puerto Rico also known as Milagros Pacheco.

8. Plaintiff, Milagros Pacheco Rodriguez is of legal age, single; at all times relevant to this action has been a citizen of the United States and a permanent resident of Puerto Rico.

9. Defendant, Army & Air Force Exchange Service (from now on AAFES) – an agency of the Department of Defense, United States of America, doing business in the Commonwealth of Puerto Rico, with principal place of business in Fort Buchanan Building 606 on 218 Brook Street.

10. Upon information and belief co-defendant A Insurance Company, B Insurance Company and C Insurance Company, are fictitious names for unknown insurance companies that have or had full force and valid insurance policies issued and in place to cover the claims alleged in this complaint, by one, any or all codefendants.

11. Fictitious Defendants ABC Company, John Roe, Richard Roe, Mary Roe, D, E, F, G, H, I, J, K, L, M, N, and O, are all entities, agencies, government branches or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to the Plaintiff as hereinafter set forth. Each of said fictitious party Defendants participated in, contributed to, and conspired with the named Defendants herein to commit the acts that injured and damaged the Plaintiff as set forth herein below. Each of said parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing

the acts that injured the Plaintiff herein and are liable jointly and severally with the other co-defendants for the claims alleged in this complaint.

12. Plaintiff avers that at all times pertinent herein, Defendant AAFES, was open to the public and doing business inside Fort Buchanan.

## FACTS COMMON TO ALL CLAIMS

13. On or about 12:00PM on December 24, 2006, Plaintiff, her neighbor Sonia Gonzalez and her granddaughter Alexia Pacheco were doing their regular Christmas shopping at the Class Six, AAFES store located in Fort Buchanan.

14. While doing her shopping inside the store, near the Christmas Sale area, while walking in front of an aisle, near the entrance of the store, Plaintiff turned and to her surprise, on her next step her foot got stuck in a wooden pallet causing her to trip and fall.

15. As a result of the accident Plaintiff ankle, leg and back was injured, causing such intense pain that she was unconscious for a short while; after she recovered conscience an incident report was prepared by agents of Defendant AAFES and Plaintiff was transferred by ambulance to 'Hospital El Maestro's' emergency room.

16. The accident occurred due to the negligence of Defendants, and/or its officers and/or agents who foresaw or must have foreseen that this risk existed due to their negligence in the location and/or placing of an

empty wooden pallet on the floor of a heavily transit area without any warnings or signs.

17. Defendant AAFES, and/or its officers and/or agents foresaw or must have foreseen that on December 24, Christmas Eve, the store would have been full of customers doing their last minute Christmas shopping.

18. The slip and fall as described in the previous paragraph occurred as a result of Defendants negligence in maintaining such premises and in failing to warn of dangers within the same.

19. The actions of defendants described in the previous paragraphs of this Complaint constitute a tort under Article 1802 of Puerto Rico Civil Code for which the Defendants respond to Plaintiff for all damages caused thereby.

20. Defendant, AAFES has the duty, as a reasonable and prudent person, to provide reasonable safety premises and attempt to prevent dangerous conditions that could create a peril to its visitors.

21. Accordingly, Defendant AAFES, had or should have actual or constructive knowledge that they had located an empty wooden pallet on the floor of a heavily transit area without any warnings or sign.

22. Therefore it was foreseeable for Defendant that a slip and fall accident could occur if a customer's foot got stuck in said wooden pallet causing him/her to trip and fall, thus breaching the standard of care and being responsible for Plaintiff damages.

23. Days after the accident, on or around the end of the year 2006, Plaintiff stated to feel excruciating pains in her back that would cause her to vomit.

24. As the pain and injuries in her back progressed Plaintiff started losing the strength in her legs to the point that on January 11, 2007 while walking in her house she fell and hit her head. Plaintiff was taken to Hospital Metropolitano Emergency Room where she was treated and given medication for her pain.

25. On the following months Plaintiff kept having excruciating back pains and right hip pain, her ability to walk and sustain herself had diminished almost entirely and was under constant care of her daughter Milagros Pacheco Rodriguez, co Plaintiff.

26. On April 19, 2007 Plaintiff was hospitalized in Hospital El Maestro because of her intense back pain, right hip pain, vomiting and dehydration. She was given intense pain killers like Demerol and Toradol. Plaintiff showed signs of loss of strength in her legs. She was kept in Hospital El Maestro until April 22, 2007 when she was transferred to Doctors Hospital for neurological evaluation.

27. During her hospitalization at Doctors Hospital (4/22/2007-5/2/2007) Plaintiff kept having intense lower back pain, right hip pain and her legs had little strength.

28. On April 26, 2007 Dr. Cardona performed a 2 hour 45 minute operation on Plaintiffs back, a *Disectomy* and *Laminectomy*.

29. Plaintiff was discharged from Doctors Hospital on May 2, 2007 and transferred directly to Health South in the Hospital Universitario.

30. Plaintiff was hospitalized in Health South from May 2, 2007 until May 14, 2007 receiving post-operative physical and occupational therapy.

31. During her hospitalization in Health South her operation wound in her lower back got infected and had to be treated with antibiotics. Plaintiff continued to show signs of *Parapalesis* or lost of strength in legs and for her intense pain she was under Percocet medication, she also show signs of depression and was given a psychiatric consult. Because of the operation Plaintiff showed signs of uncontrolled hypothyroidism and was treated for that also.

32. After being discharged from Health South, plaintiff received physical and occupational therapy in her home from Condado Home Care.

33. On June 3, 2007 to June 7, 2007 Plaintiff was hospitalized once again in Doctors Hospital since her operation wound got infected again and had cellulites on it.

34. Plaintiff has been in and out of emergency rooms since the accident because of the intense pain and discomfort since December 24, 2006 she has visited multiple times the emergency rooms of Hospital Metropolitano, De Diego Ambulatory Clinic, Hospital El Maestro and others.

35. Plaintiff's intense pain and discomfort has forced her to visit multiple times doctors for spinal pain blockings trying to alleviate the intense pain.

36. After the incident, Plaintiff has not been able to recover full mobility. Her normal and routine activities have been affected because of the limitation in movement and constant chronic pain.

37. Plaintiff keeps having excruciating back pains and right hip pain, her ability to walk and sustain herself has diminished almost entirely and is under constant care of her daughter Milagros Pacheco Rodriguez, co Plaintiff.

38. Plaintiff final prognosis is uncertain, as of today, plaintiff is still receiving medical attention because of the injury and has been and is still submitted to physical therapy and spinal pain blockings.

39. Because of the injuries sustained in the above described incident, Plaintiff has been in constant pain, causing her loss of sleep, discomfort, inconvenience, irritability, limitations in motion and loss of enjoyment of life. Plaintiff is therefore entitled to damages as compensation for her disability, pain, loss of enjoyment of life, mental anguish and suffering.

40. Because of the injuries sustained in the above-described incident, Plaintiff has been forced to seek medical treatment for these injuries and may be required to seek further medical treatment in the future. As a result, Plaintiff has suffered special damages in the form of medical expenses and will continue to incur medical expenses as a result of these

injuries. At the time of the filing of this complaint the medical expenses are estimated at $200,000.00 and will continue increasing as time goes by and Plaintiff continues in constant medical care. Plaintiff is therefore entitled to damages in a reasonable sum for past medical expenses and future medical expenses.

41. The negligence by action and or omissions incurred by defendants have cause Plaintiff physical impairments and disabilities and Plaintiff has suffered physical pains and mental anguish. This loss is estimated in $800,000.00.

42. Because of the negligence by action and or omissions incurred by defendants, Plaintiff will have to live deprived of all pleasures and satisfactions of a normal life and will suffer the pain and anguish of not being able to help actively in the raising of her six (6) grandchildren. This loss is estimated at $150,000.00.

43. Because of the negligence by action and or omissions incurred by defendants and injuries sustained by her mother, Plaintiff's daughter, Milagros Pacheco Rodriguez, also plaintiff in this action, has had to take care of an impaired mother and is therefore entitled to damages as compensation for her mental anguish and suffering in the sum of $250,000.00.

44. Co Plaintiff, Milagros Pacheco Rodriguez, has lost days of work and nights of sleep worrying, taking care of her mother and accompanying her to hospitalizations, emergency rooms and doctor's appointments.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered on all claims against all Defendants jointly and severally for the following:

A. Granting Plaintiff all the sums requested in the complaint;

B. Imposing upon defendants the payment of all costs and expenses to be incurred in this lawsuit.

C. Awarding Plaintiff pre-judgment and post-judgment interest, plus a reasonable amount for attorneys' fees.

D. For such other and further relief as may be just and proper.

E. Please take notice that Plaintiff demands trial by jury in this action.

**RESPECTFULLY SUBMITTED.**

In San Juan, PR, this 29th day of March 2010.

/s/ Miguel Oppenheimer
USDC No. 220012
Oppenheimer Rios & Associates, P.S.C.
P.O. Box 79831
Carolina PR, 00984-9831
Tel. 787-765-9911/787-375-6033
Fax. 787-200-7104
Email: miguelo@oppenheimerlaw.com